UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GABRIEL TORRES, # 512440, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:24-cv-00864 |
| CHANCE LEEDS, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

Petitioner Gabriel Torres, who is currently in the custody of the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the Petition as untimely. As explained below, the Motion to Dismiss will be granted.

### I. BACKGROUND

Torres was convicted of one count of rape of a child in December 2012. (Doc. No. 13-2 at 2). He appealed and the Tennessee Court of Criminal Appeals affirmed on August 21, 2014. (Doc. No. 13-6). Torres did not seek permission to appeal to the Tennessee Supreme Court.

On January 13, 2015, Torres filed a pro se petition for state post-conviction relief. (Doc. No. 13-8). The trial court granted relief and ordered a new trial based on trial counsel's failure to file a motion for new trial. (Doc. No. 13-10). The Tennessee Court of Criminal Appeals reversed the trial counsel's judgment and remanded with directions to instead grant Torres a delayed appeal with the opportunity to file a motion for new trial. (Doc. No. 13-13).

Torres next filed a motion for new trial. (Doc. No. 13-14). However, on March 9, 2018, he withdrew that motion and waived his right to direct appeal. (Doc. No. 13-16). Following that

1

waiver, Torres's post-conviction proceedings resumed. The trial court ultimately denied post-conviction relief. (Doc. No. 13-17). Torres appealed, and the Tennessee Court of Criminal Appeals affirmed. (Doc. No. 13-19). The Tennessee Supreme Court denied Torres's application for permission to appeal on February 20, 2020. (Doc. No. 13-22).

Torres filed a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus in this Court on July 17, 2024. (Doc. No. 1). Respondent filed a Motion to Dismiss. (Doc. No. 14). Torres has filed a Motion for Waiver (Doc. No. 16) and a response to the Motion to Dismiss (Doc. No. 18). Respondent has filed a Reply in support of the Motion to Dismiss. (Doc. No. 17).

## II. APPLICABLE LAW

Because Torres is in custody pursuant to the judgment of a state court, his Petition is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner may be entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Alternatively, a petitioner may proceed on an untimely petition based on a sufficient showing of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 391−97 (2013).

## III. ANALYSIS

Respondent argues that 28 U.S.C. § 2244(d)(1)(A) governs the timeliness of the Petition and that the Petition is untimely under this provision. (Doc. No. 15 at 6−13). Torres presents three contrary arguments: (1) the statute of limitations did not begin running until a state-created impediment was removed; (2) he is entitled to equitable tolling; and (3) untimeliness should be excused because he is actually innocent. As explained below, the Petition is untimely under Section 2244(d)(1)(A), and Torres has not demonstrated any basis for tolling or excusing the limitation period.

### A. Section 2244(d)(1)(A)

For purposes of Section 2244(d)(1)(A), Torres's conviction became final on March 9, 2018, the date he waived his right to pursue a direct appeal. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (when petitioner does not pursue direct review to United States Supreme Court, conviction becomes final "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"); see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (when state court reopens the deadline to file a direct appeal, Section 2244(d)(1)(A) finality is likewise reset). From this date, the limitation period was tolled until February 20, 2020, when the Tennessee Supreme Court denied Torres's application for leave to appeal on post-conviction review. Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending'

after the state court's postconviction review is complete"). Thus, under Section 2244(d)(1)(A), Torres had until February 20, 2021, to file a timely petition for a writ of habeas corpus. He did not file his petition until July 2024, more than three years beyond that deadline. (Doc. No. 1). Accordingly, if Section 2244(d)(1)(A) governs here, the Petition is untimely.

B. Section 2244(d)(1)(B)

Torres asserts that an unspecified "state impediment" prevented him from filing his petition. (Doc. No. 16 at 1). Although Torres does not cite Section 2244(d)(1)(B), that provision applies when there has been an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." The Sixth Circuit "has made clear that the state-created impediment must have <u>actually</u> prevented the [applicant] from timely filing his habeas petition." Jenkins v. Burgess, No. 22-1451, 2022 WL 16985646, at *2 (6th Cir. Oct. 14, 2022) (emphasis added). Here, Torres has failed to demonstrate that any alleged state-created impediment actually prevented him from filing on time.[1] He therefore cannot rely on Section 2244(d)(1)(B) to provide the starting date for his limitation period.

C. Equitable Tolling

Next, Torres asserts that he "has been seeking due-process diligently in that movant does not even understand English in limited capacity, has no education, NONE, and has to rely on English speaking inmates to assist him." (Doc. No. 16 at 2). Although Torres does not expressly seek equitable tolling, that doctrine applies where a petitioner has shown "(1) that he has been

---

[1] Torres suggests that he was unable to file his habeas petition because trial counsel did not provide him with a copy of the trial court's order granting Torres's motion to suppress. (Doc. No. 16 at 2). But he has not demonstrated that this order was necessary for him to file a petition for a writ of habeas corpus. Cf. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750−51 (6th Cir. 2011) ("Standing alone, . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling.").

4

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation marks omitted).

"An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). If a translator is available—including another incarcerated individual—then a petitioner does not face the extraordinary circumstances required for equitable tolling to apply. Id. ("[T]he translator acting on behalf of a non-English speaking petitioner need have no qualification other than the ability to communicate in English."); see Vasquez v. Phillips, No. 20-5193, 2020 WL 4805576, at *2 (6th Cir. July 8, 2020) ("[T]he unavailability of a Spanish-speaking legal aid inmate cannot constitute an extraordinary circumstance, as long as Spanish-speaking inmate interpreters, albeit without legal expertise, were available.").

Here, Torres does not allege that no one was available to translate for him while his limitation period ran from February 20, 2020, when his limitation period began, until July 2024, when he finally filed his Petition. On the contrary, Torres has submitted a letter with his signature dated April 26, 2023, seeking state-court records from a state-court clerk. (Doc. No. 16-1 at 1). This letter indicates that Torres had access to a translator by April 2023 at the latest. Yet he did not file his Petition until more than a year later, in July 2024. Torres therefore cannot rely on the lack of a translator for equitable tolling purposes.

**D. Actual Innocence**

Finally, Torres asserts that he is actually innocent and asks the Court to address the merits of his Petition despite its untimeliness. (Doc. No. 18). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or

. . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To meet the actual innocence standard, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Additionally, the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386.

Here, Torres does not present new evidence, reliable or otherwise. Instead, he bases his actual innocence claim on his allegation that the prosecution unlawfully presented evidence at trial. (Doc. No. 18 at 1) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)). Accordingly, he has failed to meet his burden under the actual innocence standard. Schlup, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Because the Petition is untimely and Torres has not demonstrated that he is entitled to equitable tolling or excusing untimeliness of the Petition, the Motion to Dismiss will be granted and this action will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this

6

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the conclusion that Torres's Petition must be dismissed as untimely, the Court will deny a certificate of appealability. However, Torres may seek a certificate of appealability from the Sixth Circuit.

## V. CONCLUSION

As explained above, Respondent's Motion to Dismiss (Doc. No. 14) is **GRANTED**. Torres's Motion for Waiver (Doc. No. 16) is **DENIED** as moot. Torres's petition for writ of habeas corpus is **DISMISSED** with prejudice. Because jurists of reason would not disagree with the resolution of Torres's petition, the Court will not issue a certificate of appealability, but Torres may seek one in the Sixth Circuit.

This Order resolves Torres's habeas corpus petition. The clerk **SHALL** issue final judgment.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE